The Blaisdell Machinery Co. v. Voightmann et al., 211 Ill. App. 492.

out a case on his set-off and, under the evidence, is not entitled to have any allowance upon his claim, errors having to do with his claim are harmless.

7. Warehousemen—*what is measure of damages for injury to stored goods.* Where, in an action on a contract for the storage of goods, defendant files a claim of set-off for damages to goods stored with plaintiff, his measure of damages is the difference between the fair market value if they had been withdrawn from storage in good condition at seasonable times and the amount which he was able to obtain for them in their damaged state.

8. Warehousemen, § 27*—*when damages for injury to stored goods not shown.* In an action to recover under a contract for the storage of goods, wherein defendant filed a claim of set-off for damages to goods stored with plaintiff, evidence *held* insufficient to show the damages to the goods in question, in that it failed to show of what the goods consisted, their fair market value or that after they were damaged defendant sold them for their market value in their then condition.

---

## The Blaisdell Machinery Company, Appellant, v. Frank Voightmann and Dolly Gasoline Extracting Company, Appellees.

### ·Gen. No. 23,601.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918.

### Statement of the Case.

Action by The Blaisdell Machinery Company, a corporation, plaintiff, against Frank Voightmann and Dolly Gasoline Extracting Company, a corporation, defendants, to recover on a bond, on which defendant Voightmann was surety, given, with certain notes, by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Dolly Company for the purchase price of certain machinery. Service was had on defendant Voightmann only. From a judgment for defendant Voightmann, plaintiff appeals.

CULVER, ANDREWS, KING & STITT, for appellant.

BELL & CROSS, for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND SURETY, § 8*—*what is nature of obligation of surety.* As a general rule, a surety is an original promisor and debtor from the beginning, and his obligation is primary, not collateral.

2. CONTRACTS, § 180*—*what considered in determining meaning of contract.* In ascertaining the meaning of a contract between parties, the words by which the obligation has been expressed must prevail over those by which the parties may have described themselves.

3. INDEMNITY, § 11*—*what is nature of obligation of surety on bond indemnifying against nonpayment of notes.* Where, by the terms of a bond given in connection with promissory notes, the surety's undertaking is that his principal will indemnify the obligee for all loss and expenses, including lawsuits and attorney's fees, which may happen or come to the obligee by reason of the nonpayment of the notes by the principal, the surety's liability is, as to these matters, primary, but is collateral as to the notes themselves and their payment at maturity.

4. INDEMNITY, § 24*—*what is prima facie case in action on bond indemnifying against nonpayment of notes.* In a suit against a surety on a bond given for the payment of promissory notes by which he undertakes that his principal will indemnify the obligee for all loss or expenses to the latter by the principal's nonpayment of the notes, to make out a prima facie case, there must be evidence showing, or tending to show, that the notes are past due and unpaid and that plaintiff has suffered loss or expense by reason of the principal's failure to pay them when due, and evidence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

merely that certain of the notes are past due and unpaid is insufficient, especially where not only is no loss shown, but it is shown that the principal is contesting the value of the consideration for which the notes were given.

---

### Wearcrete Engineering Company, Appellee, v. Newton Engineering Company, Appellant.

### Gen. No. 23,765.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. Rehearing denied July 5, 1918.

### Statement of the Case.

Attachment by Wearcrete Engineering Company, a corporation, plaintiff, against Newton Engineering Company, a corporation, defendant. The plaintiff filed a declaration and an affidavit of claim, and the defendant filed a plea of the general issue and also a special plea, supported by an affidavit, but no affidavit of merits was filed. On motion, later made by the defendant, an order was entered, giving it leave to withdraw its special plea. Later, the court, on motion of the plaintiff, ordered the plea of the general issue stricken for want of an affidavit of merits and entered a default against the defendant for want of a plea, following which, the plaintiff's damages were assessed at $442.48, and judgment was entered against the defendant for that amount. At a subsequent term, the defendant made a motion to vacate the judgment, which motion the court denied, and the defendant has appealed from that order.

Stephen A. Day and John M. Duffy, for appellant.